1837.

Van Cortlandt
v.
Beekman.

---

### VAN CORTLANDT *vs.* BEEKMAN and others.

As it is the duty of the complainant in a partition suit to state in his bill the rights and interests of all the parties in the premises, so far as they are known to him, according to his information and belief, if the rights of the defendants, as between themselves, depend upon the validity of a will under which an undivided part of the premises are claimed, or where the ownership of an undivided share of the premises is contingent or doubtful and depends upon the construction of such will, it is proper for the complainant to state in his bill the fact of the making of the will and the substance thereof so far as is necessary to enable the court to understand the rights of the parties.

Where the rights of the defendants, as between themselves, are stated in a bill for partition, a defendant who puts in an answer thereto is bound to answer as to such rights; either by a general admission that the rights of the several parties are as stated in the bill, or in some other manner.

Whatever a complainant is bound to state in his bill, the defendant may be required to admit or deny by his answer to the same.

June 20.     THE bill in this cause was filed for partition. The premises of which partition was sought originally belonged to the complainant and Catharine Van Wyck and two others, in equal proportions. The bill alleged that C. Van Wyck died in September, 1829, and that previous to her death she made an instrument in writing purporting to be her last will and testament, dated the 8th of May, 1827, whereby she devised the one half of her interest in the premises to her son Philip G. in fee, and the use of the other half part thereof to her son Theodorus for life, with remainder to the children of Philip G. who should then be living, as by the said will,

a copy whereof was to the bill annexed, would more fully appear. The bill then stated the names of the present children of Philip G. Van Wyck, and averred that by virtue of the said will he was entitled to one half of the share of his mother in the premises, and that Theodorus was entitled to an estate for life in the other half, and the children of Philip to the reversion thereof in fee. The defendant Theodorus Van Wyck admitted the complainant's title as stated in the bill, but did not answer that part which related to the will of his mother, and the rights of himself and other defendants under such will. The complainant therefore excepted to his answer as insufficient in these respects, and the master allowed the exceptions. The defendant excepted to the report as to the allowance of the first exception, which related to the making of the will and the contents of the same. And upon a hearing before the vice chancellor, the report was confirmed. From this decision of the vice chancellor the defendant appealed.

The following opinion was delivered by the vice chancellor:

C. H. Ruggles, V. C. There is nothing in the 174th general rule to render it improper for the complainant in this cause to set forth the will of Catharine Van Wyck. In many instances it is the best and cheapest mode of bringing to a speedy decision any doubtful or disputed question, to set forth the instrument in writing on which the doubt arises, and to call for the defendant's admission or denial thereof. This brings the matter directly before the court in the first instance for a decision, whether in a matter of fact or of law, and disposes of the difficulty. If an issue of fact be joined, a reference to a master as to the title may become unnecessary by the production of the proper evidences before the examiner. (2 *Paige's Rep.* 28.) The 5th section of the act for the partition of lands, (2 *R. S.* 318,) requires that the petition of partition shall set forth the right and title of all persons interested therein, so far as the same are known to the petitioner; and the bill ought to contain these requisites.

1837.

Van Cortlandt
v.
Beekman.

In this instance there may perhaps be doubts entertained in relation to the construction of the will of Mrs. Van Wyck as to the precise rights of the children of Philip G. Van Wyck, and as to the effect which the death of some and the birth of others may produce. At any rate, there is no safer way, in many instances, of setting forth truly the rights and titles of persons interested under a will, than by setting forth the instrument itself; and it would be a rigid and ungracious construction of the 174th rule, and a construction which puts it at variance with the statute, to say it was intended to prevent that from being done in all cases. The complainant has not in this case drawn that part of the bill with any culpable prolixity, and the defendant ought to have answered it. It is true the questions that may arise out of the will of Mrs. Van Wyck are questions in which the interest of the defendant Theodorus Van Wyck is not hostile to the interest of the complainant, and in regard to which the complainant would not be bound to litigate. But it is the business of the complainant to satisfy himself that he has made the proper persons parties to his bill, and that depends in this case in part on the existence of this will. The complainant, it seems to me, has therefore a right to the defendants' answer with respect to it. A defendant, in his answer to a bill in partition, is not permitted to confine himself in his answer to an admission or denial of the plaintiff's interest and his own. He is bound to answer also according to his knowledge as to the interests of the other parties. It is a proceeding in which, to a certain extent, all concerned are or may become actors.

But it is said on the part of the defendant that the complainant had not in fact alleged in his bill that Mrs. Van Wyck's will was duly executed to pass real estate, but that having only set it forth as an instrument in writing purporting to be her last will and testament and not as a valid will, the defendant was not bound to answer in relation to it. But on looking at the bill carefully, it appears to be stated that Mrs. Van Wyck made an instrument in writing purporting to be her last will and testament, dated, &c. whereby she devised the one equal half of her interest in the lands in

question to her son Philip G. in fee, and the use of the other half to her son Theodorus, (the defendant who excepts,) during his natural life, and afterwards to the children of the said Philip G. that shall be then living, in fee. And a copy of the will is annexed and referred to, appearing on its face to be duly executed to pass real estate. And the bill proceeds to state that Philip G. Van Wyck is entitled, by virtue of said will, to one equal undivided half part of the share of the said Catharine, and that the said Theodorus Van Wyck is entitled to an estate for life in the other half, &c. Taking these allegations together, it appears to be set forth in substance, although not in the usual and most appropriate terms, that Catharine Van Wyck devised her interest in the lands as stated in the paper annexed to the bill. I am therefore of opinion that the master decided correctly.

*James Smith*, for the complainant.

*W. Silliman*, for the appellant.

The Chancellor. The decision of the vice chancellor and of the master in allowing the first exception to the answer was clearly right. The 174th rule makes it the duty of the complainant to state the rights and interests of the parties in the premises as far as they are known to him ; and even where the rights of any of the defendants are not fully known, it is his duty to state them according to his information and belief. In this case, as the rights of those who represented the share of Catharine Van Wyck depended upon the validity of her will and the construction thereof, the complainant has very properly stated the making of such will and given the names of the parties who are presumptively entitled to the ultimate fee in that part of the estate which is devised to the appellant for life. The appellant's counsel is clearly wrong in supposing that the complainant had no right to set forth the interests of the defendants as between themselves, and that such defendants are not bound to answer as to those rights and interests. The statute is imperative that the rights and interests of all

parties, so far as they are known, shall be set forth. And if the share or interest of any party is uncertain or contingent, or if the ownership of the inheritance in any part of the premises depends upon an executory devise, or the remainder is contingent, so that the parties who may be ultimately entitled to the same cannot be named, the complainant should set forth the nature of such contingent interest, so that the court may ascertain and protect the rights of such unknown or contingent owners. And whatever the complainant is bound to state in his bill, the defendants may be required to admit or deny by their answers.

In the case under consideration it was very proper for the complainant to set out the will of Mrs. Van Wyck, not only for the purpose of showing that the ultimate remainder in one half of her share was contingent, but also that her executor held a power in trust to sell the same ; and also to give the appellant, who was one of her heirs at law, an opportunity to contest the will if it was not duly executed. If he admits the execution of the will as alleged in the complainant's bill, the complainant will be entitled to a reference of course under the 177th rule. But if the due execution of the will is denied or contested, it may be proper for the court to direct an issue to try the validity of the devise, in conformity to the provisions of the statute in such cases. (2 *R. S.* 244, § 19, *2d ed.*)

There is no foundation for the objection that the bill does not allege or show that the will was duly executed to pass real estate. It is alleged that the testatrix made an instrument in writing purporting to be her last will and testament, whereby she devised, &c. And a copy of the will itself is given, by which it appears to have been executed in the presence of three witnesses and in due form of law to pass real estate. This is also followed by an allegation that by virtue of the will the appellant is entitled to an estate for life in the one half of her share, and that the children of his brother will be entitled to the remainder thereof in fee. The decree of the vice chancellor must therefore be affirmed with costs. And the appellant must pay those costs and the

costs upon the exceptions to the answer which are allowed, and must answer those exceptions, within the twenty days allowed by the master for that purpose, or the bill must be taken as confessed against him.